IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 20-cv-02293-RM-NYW

CORY SEARS,

    Plaintiff,

v.

JEFFERSON COUNTY DETENTION CENTER,
JEFFERSON COUNTY COURTS, and
ARAMARK,

    Defendants.

---

**ORDER**

---

This matter is before the Court on the Prisoner Complaint filed *pro se* by Plaintiff Cory Sears. (ECF No. 1.) By Order dated August 4, 2020, Plaintiff was granted leave to proceed *in forma pauperis*. Upon review of the papers filed in the case, and the applicable law, and being otherwise fully advised, the Court finds and orders as follows.

    **I.**    **BACKGROUND**

Plaintiff, a pretrial detainee, alleges he is being held in the Jefferson County Jail with the "coronavirus inside the jail"; therefore, Defendants are allegedly putting Plaintiff's life at risk. (ECF No. 1, p. 4.) Although Plaintiff alleges 42 U.S.C. § 1983 as the basis for his claim, he does not identify a constitutional provision allegedly violated. Nonetheless, after liberally construing Plaintiff's complaint, the Magistrate Judge construed Plaintiff's claim as alleging a violation of

due process[1] evaluated under the Eighth Amendment standard. (ECF No. 5, p. 2.) As relief, Plaintiff seeks to have his charges dropped or less severe punishment, and $250,000. (ECF No. 1, p. 6.)

After an initial review by the Magistrate Judge, the case was drawn to this district judge. Upon the assignment of this case, the Court finds summary dismissal of Plaintiff's claim against Defendant Aramark is warranted.[2]

## II.      LEGAL STANDARD

Under 28 U.S.C. § 1915, and D.C.COLO.LCivR 8.1(b), the court reviews a prisoner's complaint to determine whether any claims are appropriate for summary dismissal as frivolous, for failure to state a claim, or for seeking relief against a defendant immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i), (ii) and (iii). "[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989). There is considerable overlap between the standards for frivolousness and failure to state a claim and a claim that lacks an arguable basis in law is dismissible under both standards. *Neitzke*, 490 at 326, 328.

The Court construes Plaintiff's filings liberally because he proceeds *pro se*. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Nonetheless, the Court does not serve as Plaintiff's advocate, *see Gallagher v. Shelton*, 587 F.3d 1063, 1067 (10th Cir. 2009), and he is required to follow the same procedural rules as counseled parties. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008) ("*Pro se* status 'does not excuse the obligation of any litigant

---

[1] The Due Process Clause of the Fourteenth Amendment.
[2] The Court recognizes the initial review did not find summary dismissal was warranted. (ECF No. 5.) The Court, in its review, has considered the matter further and finds otherwise as to Defendant Aramark.

to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure.'" (citation omitted)).

### III. DISCUSSION

Under Rule 8(a) of the Federal Rules of Civil Procedure, Plaintiff's complaint must contain a "short and plain statement of the claim showing that the pleader [Plaintiff] is entitled to relief." And, while the 12(b)(6) standard of failure to state a claim under the Federal Rules of Civil Procedure does not require that Plaintiff establish a prima facie case in his complaint, "the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim." *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012). In this case, Plaintiff's complaint falls far short of meeting both standards in his claim against Defendant Aramark.

Plaintiff brings his action under 42 U.S.C. § 1983 against all Defendants. Defendant Aramark is alleged to be the food provider at the jail in which Plaintiff is detained. However, as a private company, Defendant Aramark's actions are "not normally subject to constitutional due process requirements." *Doe v. Univ. of Denver*, 952 F.3d 1182, 1186 (10th Cir. 2020). "It is axiomatic that the due process provisions of the Fourteenth Amendment proscribe state action only and do not reach acts of private persons unless they are acting 'under color of state law.'" *Browns v. Mitchell*, 409 F.2d 593, 594 (10th Cir. 1969).

In this case, Defendant Aramark is identified in the complaint but there are no allegations directed against it. In short, Plaintiff's allegations in his complaint fail to plausibly show he is entitled to relief against Defendant Aramark, e.g., that Defendant Aramark is a state actor and that Defendant Aramark subjects Plaintiff to exposure to the coronavirus at the jail. Accordingly,

any claim against Defendant Aramark is subject to dismissal for failure to comply with Rule 8 and for failure to state a claim. *See Fontana v. Pearson*, 772 F. App'x 728, 729 (10th Cir. 2019) ("If the complainant fails to comply with Rule 8, a court may dismiss an action with or without prejudice under Fed. R. Civ. P. 41(b)."); *Ghailani v. Sessions*, 859 F.3d 1295, 1304 n.4 (10th Cir. 2017) ("ordinarily the dismissal of a pro se claim under Rule 12(b)(6) should be without prejudice").

### IV. CONCLUSION

Based on the foregoing, it is **ORDERED** that Plaintiff's complaint as against Defendant Aramark is dismissed **without prejudice**.

DATED this 10th day of August, 2020.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge